## THE UNION BANK OF LOUISIANA *v.* JONES.

The testimony of a witness received and taken in writing on the trial of a case between the same parties for the same cause of action, where the witness has died since the former trial, will be open to all objections which might be taken if the witness were personally present; and where, on the first trial, the witness was objected to on the ground that, "being the drawer of the note sued on he was incompetent to testify for the indorser in a contest between the latter and the holder," and the objection was overruled, the party by

UNION BANK
v.
JONES.

whom he was offered cannot require that his testimony should be received in the second case on the ground that the objection made did not point specifically to the true cause of objection that the defendant was the accommodation endorser of the witness, otherwise it would have been cured by a release, which the subsequent death of the witness has rendered impossible.

Decision in *Union Bank* v. *Morgan*, 2 An. 418, as to the sufficiency of a presentment of a note for payment, affirmed.

A case will not be remanded, though material evidence was received below which was inadmissible, where, from the circumstances of the case the only effect of remanding it would be to delay the plaintiff, without promoting the ends of justice.

APPEAL from the District Court of St. Tammany, *Penn*, J. *Halsey*, for the appellants. *J. R. Jones*, pro se. The judgment of the court (*Eustis*, C. J. not sitting, being a stockholder in the bank,) was pronounced by

SLIDELL, J. The first point to be considered is the admissibility of the testimony of *Minter*, the drawer of the note, of which *Jones* was the accommodation endorser. Since the trial of the former suit upon the same cause of action, *Minter* died, and the defendant offered, in the present suit, his testimony, as a witness for the defendant, taken in writing at the former trial. To the admission of this testimony the plaintiffs objected, upon the ground that it was given by a person having, at the time he gave it, an interest in the event of the suit, against the plaintiffs. The court permitted the testimony to be read to the jury, and the plaintiffs took a bill of exceptions.

The testimony of a deceased witness thus offered, is said by an author of great respectability, to be open to all the objections which might be taken if the witness was personally present. See Greenleaf on Evidence, § 163. In *Wright* v. *Tatham*, 1 Adolphus & Ellis, 24, Tindal, C. J., in considering the character and degree of such evidence and for what purposes it can be produced, observes, that it is direct and immediate evidence in the cause, for the same purpose and to the same extent as if the witness had been alive and sworn, and had given the same evidence in the witness box in the second cause. A very strong illustration of the rule, as laid down by Greenleaf, is presented in the case of *Crary* v. *Sprague*, 12 Wendell, 44. It was there held that a plaintiff, on the second trial of a cause, cannot give proof of the testimony of a deceased witness, who, on the former trial, was called by the defendant, and on his cross-examination gave evidence beneficial to the plaintiff, where the defendant showed that such witness, at the time of testifying, was interested in the event of the cause on the side of the plaintiff. It had been urged in argument that the defendant, by introducing the witness on the former trial, had declared his competency and credibility, and thereby precluded himself from questioning either. In answering the position the court remarked that this was undoubtedly true, so far as that trial was concerned, but no further; citing 1 Phil. Evid. 213.

When the former action was on trial, and *Minter* was offered, the plaintiffs objected to his testimony upon the ground, "that said witness, being the drawer of the note in question, was incompetent to testify for the indorser, in a contest between the latter and the holder of the note," which objection the court overruled, and admitted the witness. It is now urged by the defendant that the objection did not point specifically to the true and tenable ground of objection, to wit, that *Jones* was *Minter's* accommodation endorser; that if the specific objection had been presented, the defendant would have cured it by a release, which now, by the death of the witness, has become impossible. But if the implied declaration of a witness' competency upon a former trial would not, as we have just seen, preclude the enquiry on a second trial, a fortiori a positive resis-

tance to the competency of the witness upon mistaken or vaguely stated grounds' ought not to work such an effect. Moreover the fact that the defendant has once had the benefit of the testimony of an interested witness, seems a very unsatisfactory reason why it should be repeated. The object of evidence is the discovery of truth, and the reason why an interested witness is excluded is the fear that he would disguise and pervert the truth to promote his own advantage, and so lead the court or jury to a wrong conclusion. Such witnesses are excluded, not because they may not sometimes state the truth, but because in general it would be unsafe to rely upon their testimony. It is true that, if the specific objection had been made, and had been sustained by the court, the defendant might have executed a release in *Minter's* favor. But to make this argument effectual we should be obliged to presume that the defendant would have chosen to run the risk of that sacrifice before the testimony was heard and ascertained. Besides the defendant was bound to know the law. He, therefore, knew that *Minter* had an interest in favor of his success; and instead of removing it by a release before putting the witness on the stand, took the chance of benefit from that feeling of interest in the witness' mind, which, as was said by a learned judge, will, in spite of the utmost efforts of the most conscientious man, so often warp his memory, as to prevent him giving an accurate account of a transaction. Of course we make these remarks as matters of legal argument and principle, without intending in any wise to reflect upon the motives of the party in this particular case, or the character of the deceased.

We are of opinion, therefore, that the objection to the competency of *Minter* was still open.

With regard to his incompetency we refer to what we said in the case between the same parties, 2 An. 345.

We consider the certificate of the notary as satisfactorily proving that notice of protest was seasonably given to the endorser. Although the notary does not expressly state on what day he delivered the notice to the defendant's wife, yet, as he states the fact of such delivery as a thing already done, and his certificate bears date on the 27th October, it follows that the notice was not given at a later date. Consequently it was seasonable.

A witness was offered by the defendant to show that the notary was careless in completing his records on the day of protest or giving notice, and mentions two instances, neither of which include the record in question. Even if this testimony was admissible, it certainly could not destroy or impair the official record of this particular transaction. But, in our opinion, the objection was well taken, that the defendant should be limited to testimony of facts immediately relating to the record in question.

Upon this question of presentment for payment, this case is not distinguishable from that of the *Union Bank* v. *Morgan*, 2 Annual, 418.

Under ordinary circumstances we usually remand a cause when material evidence offered by the defendant has been received by the court below, and we dissent as to its admissibility. This is done upon the consideration that the party may have had other evidence to support his defence which he thought it was unnecessary to offer, evidence to the like effect being already accepted by the court. But, in this present case, the defendant was warned by the previous decision (2 An. 346,) that *Minter* was an incompetent witness; that his testimony, even if unobjected to, was not entitled to the same confidence as the testimony of a disinterested witness; and that, in itself, it was defective with regard to the matters pleaded in defence. We must conclude that this defendant has produced

at the second trial all the testimony which could be brought to bear upon the defence, and to remand the cause would only delay the plaintiff, without conducing to the ends of justice.

It is, therefore, decreed that the judgment be reversed, and that the plaintiffs recover of the defendant the sum of $1.290, with interest thereon at the rate of seven per cent per annum, from the 29th day of October, 1842, until paid, and costs in both courts.